```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF WISCONSIN
```
_____

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  ORDER

   v.

                                             98-CR-102-S-01

KIRK NIELSEN,

        Defendant.

_____

    Petition for revocation of defendant's supervised release came on to be heard before the Court in the above entitled matter on October 16, 2007, the government having appeared by Erik C. Peterson, United States Attorney for the Western District of Wisconsin, by Timothy O'Shea, Assistant United States Attorney; the defendant in person and by Gerald Mowris.  Honorable John C. Shabaz, District Judge, presided.

    From the record the court makes the following findings of fact.

    The defendant was sentenced in the United States District Court for the Western District of Wisconsin on February 18, 1999 following his conviction for possession of child pornography, a Class D felony, in violation of 18 U.S.C. § 2252(a)(4)(B).  He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 41 months with a three-year term of supervised release to follow.

    Defendant began his term of supervised release on November 8, 2006.

    Defendant has stipulated that he violated Standard Condition No. 3 of his supervised release which requires him to answer truthfully

all inquiries by the probation officer.  On August 17, 2007 defendant lied to Assistant Deputy Chief U.S. Probation Officer Paul J. Reed, claiming that his brother had access to his rental account at Family Video.  His conduct falls into the category of Grade Grade C violations as defined by §7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release.  In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

Defendant's violation warrants revocation.  Defendant chose to lie to his probation officer instead of dealing honestly with behavior which puts him at risk to reoffend.  The history and characteristics of the offender include his attraction to prepubescent children.  Accordingly, the three-year term of supervised release imposed on the defendant on February 18, 1999 will be revoked.

Defendant's criminal history category is III.  A Grade C violation and a Criminal History Category III result in a guideline range of 5 to 11 months' imprisonment.  The statutory maximum to which defendant can be sentenced upon revocation is two years pursuant to 18 U.S.C. 3583(e)(3) which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which the defendant was sentenced previously was a Class D felony.  After consideration of all factors, the Court determines that a sentence at the statutory

maximum, 2 years, is reasonable, responsible and necessary to deter defendant from future criminal conduct and to protect the public from further crimes of defendant. The Court believes that defendant himself interfered with his treatment by viewing movies intended for children in which behavior defendant engaged prior to his original conviction. A sentence of 41 months with three years of supervised release was not a sufficient deterrent and there is certainly no reason to believe that a sentence within the advisory guideline range would deter defendant now. The continued activities of defendant warrant a substantial sentence outside the advisory guideline range.

ORDER

IT IS ORDERED that the three year term of supervised release imposed on February 18, 1999 is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. No term of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. The Court recommends that defendant be afforded an opportunity to apply for sex offender counseling from the Bureau of Prisons.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 17th day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge